UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHERRISE A. JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:16-CV-1331-ERW |
| NANCY A. BERRYHILL,[1] | ) ) | |
| Acting Commissioner of Social Security | ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the application of Cherrise Johnson ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq.* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 22), and Defendant has filed a brief in support of the Answer (Doc. 28).

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on February 26, 2013 (ECF 22). Plaintiff was initially denied relief on July 2, 2013, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 8). After a hearing, by a decision dated June 17, 2015, the ALJ found Plaintiff was not disabled (Tr. 5-17). Plaintiff filed *Request for Review of Hearing Decision* on August 6, 2015 (Tr. 4). On August 1, 2016, the Appeals Council denied Plaintiff's request for review (Tr. 1-3). Plaintiff appealed to the United States District Court for the Eastern

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

District of Missouri on August 16, 2016 (ECF 1). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined Plaintiff has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date of her disability (Tr. 10). The ALJ found Plaintiff has the severe impairments of depression, anxiety, memory loss, degenerative disc disease, hypertension, and obesity, but no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 10-11).

In her testimony before the ALJ on March 19, 2015, Plaintiff indicated she was 39 years old, possessed a GED, and could read, write, and understand the English language (Tr. 24). Her claimed impairments were depression, anxiety, bulging disc, hypertension, and memory problems (Tr. 24). Plaintiff's prior full-time work experience included work in security, as a correctional officer and in loss prevention for a department store (Tr. 25). Plaintiff testified she earned a decreasing amount of money since 2009 with a final income in 2011 of $4,671.63 when she stopped working in spring 2011 (Tr. 25-26). Plaintiff believes she is not able to do any work at all because all she has ever done is security work which requires her to have to stand and sit for some length of time, as well as, walk up and down steps, which she is unable to do (Tr. 31, 39). The ALJ questioned Plaintiff regarding her ability and concentration during the hearing and Plaintiff testified she was "trying the best [she] can" (Tr. 38-39). Plaintiff also testified she does not have a problem driving and can visit the grocery store and visit her sons (Tr. 43).

After considering the entire record, including Plaintiff's testimony, the ALJ determined Plaintiff has the residual functional capacity[2] ("RFC") to perform light work[3] with limitations, including she can sit for two hours with normal breaks, stand for thirty minutes and then, have an option to sit for five to ten minutes (Tr. 12). She is able to walk one block at a time, climb up to thirteen steps, frequently stoop, kneel, crouch, crawl and bend, and can push or pull twenty pounds for twenty steps. *Id*. She can never climb ladders, ropes, or scaffolds and should avoid extreme temperatures, unprotected heights, hazardous machinery, industrial vibrations and concentrated exposure to chemicals, fumes, dust, dander, and mold. *Id*. The ALJ found Plaintiff is not capable of performing past relevant work[4], but she can perform work with simple, repetitive, unskilled and semi-skilled tasks, with a demonstration of the task. (Tr. 12, 16). Plaintiff can occasionally interact with the general public and can frequently interact with coworkers and supervisors (Tr. 12). The ALJ also found Plaintiff will be off task nine percent of the work period as a result of mental distraction. *Id*. The ALJ found there are jobs which exist in significant numbers in the national economy Plaintiff can perform, including electronics assembler, small products assembler, and polisher (Tr. 17). Thus, the ALJ's conclusion for Plaintiff was "not disabled." *Id*. Plaintiff appeals, arguing the ALJ failed to fully and fairly

---

[2] "RFC is what an individual can still do despite his or her limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work- related physical and mental activities." Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996) citing SSR 96-4p, "Titles II and XVI: Symptoms, Medically Determinable Physical and Mental Impairments, and Exertional and Nonexertional Limitations."

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[4] As noted above, Plaintiff's past relevant work includes work as a corrections officer, a loss prevention specialist, alarm center dispatcher, and general security guard (Tr. 45-46).

develop the record and the ALJ failed to properly consider the issue of failure to follow prescribed treatment (ECF 22).

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner must follow a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, first the claimant cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is *per se* disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record *de novo*. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so a reasonable mind might find it adequate to support

the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff raises two issues. First, Plaintiff asserts the ALJ erred by not fully and fairly developing the record (ECF 22 at 3). Second, Plaintiff argues the ALJ failed to properly consider the issue of Plaintiff's failure to follow prescribed treatment (ECF 22 at 6). For the following reasons, the Court finds Plaintiff has failed to carry her burden of proof. The Court finds the ALJ's decision is based on substantial evidence.

### A. Failure to fully develop the record

Plaintiff asserts the ALJ erred in failing to fully and fairly develop the record (ECF 22 at 3). "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004) citing *Nevland*, 204 F.3d at 858; *Landess v. Weinberger*, 490 F.2d 1187, 1188 (8th Cir. 1974). "There is no bright line indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008). Reversal due to failure to develop the record is only warranted when such failure is unfair or prejudicial. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff argues there are five specific instances where the record was not fully and fairly developed by the ALJ and the combination of these five instances is reversible error. The Court disagrees.

First, Plaintiff argues, because the ALJ did not have the in-patient records or discharge summary from Plaintiff's hospitalization in June 2014 at St. Alexius Hospital, there was no way the ALJ could know how Plaintiff responded to treatment; therefore, the record was not fully developed. (ECF 22 at 4). On March 20, 2015, the day after the ALJ's hearing, the ALJ requested all information from St. Alexius Hospital for Plaintiff from June 2014 to present (Tr. 458). In response, the hospital sent a toxicology report (Tr. 464-467) and the ER physician record (Tr. 468-469). The record does not reflect the hospital provided either the in-patient psychiatric treatment notes or the discharge summary from the hospital stay. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Haley v. Massanari*, 258 F.3d 742, 749–50 (8th Cir. 2001). When evaluating Plaintiff's mental health impairments,

7

the ALJ considered the April 2013 consultative exam of Plaintiff, a January 2014 report regarding Plaintiff's anxiety and depression, records of Plaintiff's June 2014 hospitalization, Plaintiff's January 2015 psychological evaluation, and records of Plaintiff's 2015 hospitalization (*See* Tr. 366-380, 400-469). In this instance, while the ALJ did not have the in-patient records or discharge summary for Plaintiff, the ALJ did consider both the documents that were provided by the hospital and the subsequent evidence of mental health treatment following the June 2014 hospitalization. The evidence considered by the ALJ provided a sufficient basis on this issue to make a decision.

Second, Plaintiff argues the ALJ mischaracterized the documentation from a February 2015 hospitalization by leaving out a word in a quotation in the written opinion. (Ex 22 at 5; Tr. 453). The physician's quotation reads, "I, in collaboration with psych attending, Dr[.] [K]ahm, certify that the inpatient hospital admission is medically necessary for treatment which cou[]ld reasonably be expected to improve pt's condition" (Tr. 453). The statement from the ALJ reads, "However, the claimant stabilized with treatment, as the attending physician found the claimant was reasonably expected to improve" (Tr. 14). Deficiencies which have "no practical effect on the outcome of the case" are not a sufficient reason to set aside the ALJ's finding. *Senne*, 198 F.3d at 1067. The operative words in the quote are "reasonably be expected" and the word "could" does not substantially alter the meaning of the phrase, therefore, the omission of the word "could" in the ALJ's opinion does not have a practical effect on the outcome of the case and is not a sufficient mischaracterization to warrant reversal. Accordingly, the Court finds a sufficient basis for the ALJ's decision under all of the considered facts in this case, even with the omission of the word "could" in the decision. The omission had no practical effect on the outcome of the case.

Third, Plaintiff contends, even though a nurse practitioner noted in February 2011 that Plaintiff had suffered a mini-stroke, the ALJ failed to consider any medical records related to this because they do not appear in the transcript (Ex 22 at 5, Tr. 301). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) citing *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). The ALJ considered medical record evidence for at least four years after this nurse's notation when making the determination. Nothing appears in the medical records suggesting Plaintiff's symptoms from the mini-stroke persisted. (Tr. 301, 303-04). The Court finds the ALJ did have a sufficient basis for making a determination without additional records from February 2011.

Fourth, Plaintiff contends her sixty-four pound weight loss was a result of her depression and the ALJ erred in determining Plaintiff's obesity was a severely medically determinable impairment even though she was no longer obese following her weight loss (Ex. 22 at 6, Tr. 10). Obesity itself cannot meet a listing under the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. Obesity can be considered by the ALJ to the extent it effects other impairments. *See* SSR 02–01p, 2000 WL 628049, at 2–5. In accordance with Social Security Ruling 02-01p, the ALJ considered any adverse effects Plaintiff's obesity had on her other impairments and her functional limitations (*Id.*, Tr. 10). The ALJ determined Plaintiff was obese based on a 2009 medical record and a 2013 consultative examination and used that determination to consider whether Plaintiff's obesity aggravated any of her other impairments (Tr. 11, 67-68 314). The ALJ ultimately determined even though Plaintiff's obesity is a severe medical impairment, it does not aggravate any of her other impairments to the extent they would be considered "severe" and therefore, none of her severe impairments met a listing under the Listing

9

of Impairments. *Id.* Plaintiff's medical records contain no medical diagnosis of her weight loss being related to depression or any other mental health challenge. The only medical records which do contain the weight loss were submitted by the physician who was treating Plaintiff subsequent to a car accident (Tr. 385). During a significant period of Plaintiff's medical records, she was diagnosed as obese. The ALJ properly followed the determination procedure; once he determined her obesity was a severe impairment, he proceeded to the next step in the evaluation process and considered whether Plaintiff's obesity adversely impacted any other severe conditions and determined it did not. The ALJ did not err when he determined Plaintiff's obesity was a "severe impairment" even if Plaintiff was not obese for the entire relevant period.

Fifth, Plaintiff notes the transcript does not contain Plaintiff's applications for DIB and SSI (Ex. 22 at 6). The Court acknowledges the record does not contain Plaintiff's applications, but in order "to show an error was not harmless, [Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred." *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir.2008) ("There is no indication that the ALJ would have decided differently . . . and any error by the ALJ was therefore harmless.") In the ALJ's decision, the ALJ referenced Plaintiff's applications as well as specific disabilities Plaintiff alleges in her Title II and Title XVI applications filed in February and March 2013, respectively (Tr. 8). Therefore, there is no indication the ALJ ignored or failed to consider Plaintiff's applications (Tr. 8). These omissions from the record are, therefore, harmless error.

Finally, Plaintiff argues the combination of these above alleged errors has a cumulative effect on the ALJ's ability to evaluate the evidence and therefore, the decision is not supported by substantial evidence and should be remanded. The Court disagrees. Any reversal due to any combination or specific instance, where Plaintiff claims the ALJ failed to develop the record,

would only be warranted when such failure is unfair or prejudicial. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). For the reasons detailed above, each alleged error was harmless and the combination of them does not alter the harmless determination. None of these alleged errors or the combination of them rises to the level of being unfair or prejudicial.

The ALJ's ultimate determination Plaintiff did not meet or equal a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 is supported by substantial evidence in the record. In this case, the ALJ considered the Plaintiff's medical records, her statements and testimony during the August 2014 and March 2015 hearings, and other evidence in making the determination. Plaintiff's contentions, taken individually or in combination, are not unfair or prejudicial and therefore, do not warrant reversal. As detailed above, there was substantial evidence in the record, as a whole, to support the ALJ's decision.

### B. Failure to properly consider the issue of failure to follow prescribed treatment

Plaintiff asserts the ALJ determined Plaintiff was "noncompliant with treatment" and the ALJ failed to follow the requirements of 20 C.F.R §§ 404.1530 and 416.930 when determining whether Plaintiff was justified in not following a prescribed course of treatment (ECF 22 at 6-7; Tr. 14). Plaintiff also argues the ALJ did not follow the requirements set forth in Social Security Ruling 82-59 to determine if Plaintiff failed to follow prescribed treatment.

The ALJ did not make a determination Plaintiff was noncompliant with treatment as a basis for deciding Plaintiff was not disabled. Instead, the ALJ listed Plaintiff's noncompliance with treatment as a factor in deciding some of Plaintiff's statements were not credible. Specifically, the ALJ's decision stated: "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. As an initial matter, the claimant was noncompliant with her

11

treatment." (Tr. 14). Social Security Ruling 82-59 lists the requirements an ALJ must follow when deciding an individual's failure to follow prescribed treatment is not disabled, who would otherwise be found to be under a disability. Here, the ALJ was using Plaintiff's noncompliance with treatment as a factor in determining her credibility. If the ALJ had determined Plaintiff was not disabled because of her noncompliance with treatment, then the ALJ would have need to follow the requirements listed in Social Security Ruling 82-59.

It is appropriate for the ALJ to consider Plaintiff's inability to follow treatment recommendations when determining her credibility. *Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001). "We defer to the ALJ's evaluation of [a claimant's] credibility, provided such determination is 'supported by good reasons and substantial evidence, even if every factor is not discussed in depth.'" *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014).

The ALJ considered the entire record and determined the residual functioning capacity ("RFC") of Plaintiff necessitated a finding of "light work" under 20 CFR §§ 404.1567(b) and 416.967(b) and was appropriate (Tr. 12). After a detailed explanation of each of Plaintiff's impairments, the ALJ considered Plaintiff's noncompliance with her blood pressure medication as one consideration in determining the credibility of Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms and concluded Plaintiff's statements were not entirely credible (Tr. 14) This finding of noncompliance was not used by the ALJ to deny benefits under 20 C.F.R §§ 404.1530 and 416.930, but rather was used by the ALJ in assessing Plaintiff's credibility with regards to her subjective complaints of the alleged symptoms. Plaintiff indicated in 2013 she only took her blood pressure medication seventy-five percent of the time

(Tr. 368). Plaintiff also testified she has no history of taking street drugs (Tr. 32). However, during her hospitalization in February 2015, the medical records indicate she tested positive for marijuana (Tr. 438). The ALJ then notes, despite her non-compliance of faithfully taking her medication, her blood pressure recently measured in the normal level (Tr. 14).

After the initial observation of Plaintiff's non-compliance, the ALJ then details other factors which weigh against Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, including her unreported income and additional work after the onset date (Tr. 15). While the ALJ did not specifically cite regulations and case law relevant to Plaintiff's credibility, this alone is not necessarily a basis to set aside an ALJ's decision, when the decision is supported by substantial evidence. *Randolph v. Barnhart*, 386 F.3d 835, 842 (8th Cir. 2004). In conclusion, the Court finds the ALJ did not deny Plaintiff's benefits based on noncompliance with treatment, therefore, the ALJ's use of Plaintiff's non-compliance in a credibility determination was proper and Plaintiff's arguments to the contrary are without merit.

## V. CONCLUSION

For the reasons set forth above, the Court finds substantial evidence on the record, as a whole, supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 12th day of October, 2018.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**